IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA MURRAY, et al.,

        Plaintiffs,

v.                                                CIVIL ACTION NO. 2:16-cv-09951

LINDA LOU MURRAY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Mateo Cortez's ("Cortez") Motion to Realign the Parties, (ECF No. 3), Defendant Connie Lee Keith Barry's ("Barry") Motion to Remand and for Attorney Fees and Costs, (ECF No. 7), Plaintiff Linda Murray's ("Murray") Motion to Remand and for Award of Attorneys' Fees and Costs, (ECF No. 13), Cortez's Motion to Dismiss, (ECF No. 21), and Barry's two Motions for Leave to File Surreply to Give Notice of Developments Relating to the Texas Litigation, (ECF Nos. 32, 34).[1] For the reasons that follow, the Court **GRANTS IN PART** Barry's and Murray's motions to remand, (ECF Nos. 7, 13), insofar as they seek to remand the case back to state court, and **DENIES IN PART** the motions to remand insofar as they seek an award for attorneys' fees and costs. The Court further **REMANDS** the case and **DENIES AS MOOT** all remaining motions, (ECF Nos. 3, 21, 24, 32, 34).

---

[1] Also pending is Cortez's Joinder in Joint Motion to Suspend Entry of Discovery Plan. (ECF No. 24.) The Court granted the joint motion on November 30, 2016. (ECF No. 26.) Accordingly, insofar as Cortez's joinder may be construed as a motion, (ECF No. 24), it is **DENIED AS MOOT**.

## I. BACKGROUND

This case arises out of Plaintiff Murray's attempt, as successor trustee of the William D. Short and Phyllis D. Short Revocable Living Trust ("the Trust"), to distribute trust funds to various beneficiaries as intended by the Trust's decedent settlors. (ECF No. 1-2 at 2–3, 23–24.) The individual defendants in the litigation, with the exception of Cortez, are alleged beneficiaries, and all the named defendants are citizens of West Virginia, Florida, North Carolina, and Texas. (*See id.* at 13–18, 22–23.)

The original Complaint was filed in the Circuit Court of Wirt County, West Virginia, on November 20, 2015, and it contains the pertinent provisions of the Trust. (ECF No. 1-2 at 3–13.) The Trust gives Murray, as successor trustee, "absolute [discretion] as long as it is exercised in the best interests of the current income beneficiary." (*Id.* at 12.) Murray avers in the Complaint that "some claims are still pending in Bankruptcy Court [in Texas][2] and that one or more payments in an unknown amount may be received on such claims at an unspecified future dates" for which she seeks a court order providing her the "legal authority and ability to sign any documentation that initiates litigation and/or legal claims; accept conditions for damages; and waive, release, transfer or accept conditions accompanying or as a prerequisite to the delivery of funds or assets as compensation for damages resulting from the exposure of William D. Short, deceased, to asbestos-containing products." (*Id.* at 19–20 ¶ 9.) She also seeks court approval for compensation to be

---

[2] The parties discuss in the pleadings and briefing the status of state court proceedings in both West Virginia and Texas along with various rulings made by the judges presiding over those cases. Barry has also filed two Motions for Leave to File Surreply to Give Notice of Developments Relating to the Texas Litigation. (ECF Nos. 32, 34.) The Court does not need to review updates of the state court proceedings to resolve the present matter. Beyond stating that adjudicating this case in federal court may result in a duplication of judicial time and effort, this Court will not take the status of the state court proceedings into consideration as they are "irrelevant as long as the petition is filed within thirty days of the date it became apparent the case was removable to federal court." *Hubbard v. Union Oil Co. of Cal.*, 601 F. Supp. 790, 792 (S.D. W.Va. 1985) (citation omitted). Under this principle, the Court **DENIES AS MOOT** the motions for leave to file surreply with information related to the Texas litigation. (ECF Nos. 32, 34.)

paid to her from the Trust assets for the "more than 3500 hours of her time [she devoted] to managing the Trust." (*Id.* at 22 ¶ 12.) Ultimately, Murray desires a court order "directing the distribution of the assets of the Trust to those persons determined by th[e] [c]ourt to be entitled to receive the same in such proportions as may be determined by th[e] court to be proper and in conformity with the intent of the settlors of the Trust." (*Id.* at 23 ¶ 3.)

Cortez removed this matter to this Court on October 21, 2016, on the basis of diversity jurisdiction. (ECF No. 1, 4.) He claims that removal was not proper at the time of the Complaint's filing because "[i]t was not until the Plaintiff Trustee filed a motion for summary judgment [in state court] that it became clear that all of the Shorts' Siblings were in agreement with the distribution identified by Plaintiff Trustee." (*Id.* at 3 ¶ 7; *see also id.* at 6 ¶ 13.) Upon the filing of that summary judgment motion, Cortez avers that complete diversity was created by aligning the parties by their interest in the following manner:

> Linda Lou Murray, individually and as Trustee (West Virginia citizen), Charlene Rae Flesher Johnston (West Virginia citizen); Charlotte Fae Flesher Ash (Florida citizen); Sandra Kay Flesher Brown (West Virginia citizen); Thomas Wayne Marks (West Virginia citizen); James Berl Marks (West Virginia citizen); Betty Jo Webb (West Virginia citizen); Patricia Ann Marks Chapman (West Virginia citizen); Lisa Ann Rader Smith (West Virginia citizen); Charles Bruce Jr. (West Virginia citizen); Virginia Ann Roberts Villers (Florida citizen); Randall Wayne Davis (North Carolina citizen); Sherry Lynn Whited Salsbury (West Virginia citizen); Terry Lee Whited (West Virginia citizen); Michael Ray Whited (West Virginia citizen); Donald Leaman Whited (West Virginia citizen); Connie Lou Keith Barry (Florida citizen); Amanda Pettry (Ohio citizen); Tywanna Annette Pettry (Ohio citizen); Sheila D. Pettry (Ohio citizen); Magen Elizabeth Whited (West Virginia citizen); and Charles Gregory Whited (West Virginia citizen),
>
>                             Plaintiffs,
>
> v.
>
> Mateo Cortez (Texas citizen),
>
>                             Defendant.

(*See id.* at 3 ¶ 9, 4–5 ¶¶ 3–6.)  Cortez further states that "[t]he Trust exceeds $75,000.00." (*Id.* at 9 ¶ 29.)

Cortez filed the Motion to Realign the Parties on October 24, 2016, (ECF No. 3), and Barry responded to the motion on November 7, 2016, (ECF No. 9).  Barry filed her Motion to Remand and for Attorney Fees and Costs on November 7, 2016.  (ECF No. 7.)  Cortez responded to the motion on November 21, 2016, (ECF No. 18), and Barry filed a reply on November 28, 2016, (ECF No. 25).  Murray filed her Motion to Remand and for Award of Attorneys' Fees and Costs on November 11, 2016.  (ECF No. 13.)  Cortez responded to the motion on November 23, 2016, (ECF No. 23), and Murray filed a reply on December 1, 2016, (ECF No. 27).[3]  Cortez filed his Motion to Dismiss on November 23, 2016, (ECF No. 21).  Barry responded to the Motion to Dismiss on December 7, 2016, (ECF No. 28), and Murray joined in that response on December 8, 2016, (ECF No. 29).  Cortez replied to both Barry's response and Murray's joinder in response on December 14 and 15, 2016, respectively, (ECF Nos. 30, 31).  Barry filed a Motion for Leave to File Surreply to Give Notice of Developments Relating to the Texas Litigation on December 22, 2016, (ECF No. 32), and Cortez responded on January 4, 2017, (ECF No. 33).  Barry filed a second Motion for Leave to File Surreply to Give Notice of Developments Relating to the Texas Litigation on February 14, 2017, (ECF No. 24), and Cortez responded to the second motion on February 27, 2017, (ECF No. 35).  These motions are briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial

---

[3] The Court notes that Murray's reply is untimely as it was filed one day late.  *See* L. R. Civ. P. 7.1(a)(7).  However, the Court will consider the reply.

Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

§ 1441(a). The procedure for removing civil actions and, importantly, the proper timing for removal is set out at 28 U.S.C. § 1446. It provides the following:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, though service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(1), (2)(C). Ultimately, diversity cases must be removed within one year of the action's commencement unless the plaintiff acted in bad faith to prevent the action's removal. *See* § 1446(c)(1).

Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal

jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)). The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W.Va. 1996).

## III. DISCUSSION

The relevant issues raised by Barry and Murray in their motions to remand involve whether the timing of Cortez's removal was proper and whether he had standing to remove the action. (*See* ECF No. 8 at 6; ECF No. 13-1 at 8–14.) The movants do not contest that the removal occurred within one year of the action's commencement.[4] Rather, the movants argue that removal was improper because it occurred more than thirty days from the filing of the Complaint in November 2015 when the case was initially removable. (*See* ECF No. 8 at 6–7; ECF No. 13-1 at 10–14.) It is undisputed that Cortez removed the litigation to this Court more than thirty days after receiving the initial pleading. (*See* ECF No. 18 at 2–3; ECF No. 23 at 2–3.) He claims, however, that he was not aware of information making the case removable until Murray's summary judgment motion was filed in state court on September 21, 2016. (*See* ECF No. 18 at 9; ECF No. 23 at 12–13.) Therefore, he argues, his removal of the case on October 21, 2016, was objectively proper and timely. (*See* ECF No. 23 at 10–14 ¶¶ 28–43.) The Court disagrees with Cortez and finds that the face of the Complaint, without further inquiry, provided sufficient information to put him on notice that the case was removable based on diversity jurisdiction.

A defendant will be bound by the thirty-day removal period set out in § 1446(b)(1) "only where an initial pleading reveals a ground for removal." *See Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997); *see also Shonk Land Co., LLC v. Ark Land Co.*, 170 F. Supp.

---

[4] The Complaint was originally filed in the Circuit Court of Wirt County on November 20, 2015, (*see* ECF No. 1-2 at 2), and Cortez removed the action to this Court on October 21, 2016, (ECF No. 1).

2d 660, 662–63 (S.D. W.Va. 2001) (explaining that the thirty-day clock for removal began to run upon receipt of a complaint that provides a "clue" to removability). When a defendant should clearly ascertain from the circumstances and the original complaint that the case is removable the defendant must remove, if at all, within thirty days of receipt of that complaint. *See Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (E.D. Mich. 1979); *see also Dulcich, Inc. v. Mayer Brown, LLP*, 954 F. Supp. 2d 1129, 1136 (D. Or. 2013) (noting that when the defendant receives enough facts to remove on any basis, the case is removable, and the 30-day clock for filing a notice of removal starts ticking). This Court has reaffirmed that a defendant who is desirous of litigating an action in federal court "must seize the first opportunity to do so by removing the case to federal court within the prescribed thirty-day period." *Hubbard v. Union Oil Co. of Cal.*, 601 F. Supp. 790, 795 (S.D. W.Va. 1985).

Otherwise, where federal jurisdiction is unclear on the face of the initial pleading, a defendant may remove the action "within 30 days after receipt . . . , through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). "The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (citation omitted). "Of course, the extension of the removal period in the case where the initial pleading does not state the factual or legal bases for removal should not be allowed to cover strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigating position." *Lovern*, 121 F.3d at 163; *see also Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 687–88 (S.D. Ohio 2012),

*reconsideration denied*, 918 F. Supp. 2d 708 (providing that when an initial pleading does not present solid and unambiguous information that the case is removable, but does at a minimum suggest removability, a burden is placed on the defendant to inquire about removability within a reasonable period of time).

To sustain diversity jurisdiction, an actual, substantial controversy must exist between citizens of different states, "all of whom on one side of the controversy are citizens of different states from all parties on the other side." *See City of Indianapolis v. Chase Nat'l Bank of NYC*, 314 U.S. 63, 69, 74 (1941) (citations omitted) (recognizing that despite the sides on which the parties' names were listed, "[w]hat Chase wants Indianapolis Gas wants and the City does not want"). Courts are to determine the existence of diversity based on the parties' actual dispute and relative interests and not "the parties' own determination of who are plaintiffs and who are defendants." *See id.*; *see also Ackert v. Ausman*, 217 F. Supp. 934, 935 (S.D.N.Y. 1963) (citations omitted) ("[I]n determining whether an action is removable, the Federal Court to which it has been removed may realign the parties to reflect their actual interest."). For that reason, district courts must "look beyond the pleadings, and arrange the parties according to their side in the dispute." *See id.* (citation omitted); *see also Lewis v. Odell*, 503 F.2d 445, 447 (2d Cir. 1974) (citation omitted) ("As a general rule the federal courts are required to realign parties according to their real interests so as to produce an actual collision of interests."). In suits by heirs, defendant heirs whose interests are identical with those of a complainant will be aligned on the side of the controversy with complainant. *See Cilley v. Patten*, 62 F. 498, 499–500 (D.N.H. 1894); *Bland v. Fleeman*, 29 F. 669, 672 (W.D. Ark. 1887). A district court may realign parties after removal to create diversity jurisdiction. *See Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 120–

21 (4th Cir. 2004).

Here, Murray filed the Complaint in state court on November 20, 2015, in her capacity as the Trust's successor trustee. (ECF No. 1-2.) She named twenty defendants and included other unknown defendants.[5] The briefing for the motions to remand does not suggest that the citizenship of the various parties is at issue. Rather, the principal dispute revolves around when Cortez knew or should have known that his interests were adverse to the interests of all other parties for creating complete diversity.

The Complaint establishes on its face that all of the named defendants, with the exception of Cortez, are included as parties because they are explicitly named beneficiaries in the Trust. (*See id.* at 10 ¶ 2, 14–18 ¶¶ 5, 7.) Cortez is the only named defendant not plainly included in the Trust provisions recited in the Complaint. Murray states in the Complaint that "Mateo Cortez, the surviving spouse of Deborah Ann (Short) Cortez, claims that as surviving spouse of Deborah Ann (Short) Cortez he is entitled to the trust proceeds. His claim is without legal merit; nevertheless, in order that he may appear and protect his interest, if any, he is named as a defendant herein." (*Id.* at 22–23 ¶ 13.) Murray does not mention any other defendant as ineligible to take in the Trust's assets. The Court finds that the Complaint made clear that Cortez's interests were adverse to all other parties[6] and that no other named party was a citizen of Texas. (*Id.* at 1.) *See Price v. Messer*, 872 F. Supp. 317, 321–22 (S.D. W.Va. 1995) (citations omitted) (explaining that

---

[5] The citizenship of unknown or fictitious defendants is not considered when determining whether a federal court has diversity jurisdiction. *See* 28 U.S.C. § 1441(a); *see also Alexander v. Elec. Data Sys. Corp.*, 870 F. Supp. 749, 751 (E.D. Mich. 1994). Thus, the Court will only review the citizenship of the named defendants.

[6] The Court notes that none of the other nineteen defendants' answers to the Complaint in state court objected to the distribution of the Trust as provided in the Complaint. (*See* ECF No. 1-2 at 25–54.) The answers were filed throughout December 2015 and January 2016. (*Id.*) Cortez is the only defendant to object to Murray's interpretation of the Trust and its proper distribution. (*See id.* at 72–78; *see also id.* at 61–70 (state court order denying Cortez's motion to dismiss on February 11, 2016).) This is further evidence that Cortez should have known of his competing interests by January 2016 at the latest.

9

to determine the alignment of parties for purposes of determining whether diversity exists, the district court "must examine initially the facts that existed at the time when the action commenced").

Accordingly, the thirty-day removal period began when Murray filed the Complaint in state court on November 20, 2015. *See* § 1446(b)(1); *Lovern*, 121 F.3d at 162; *Shonk Land Co., LLC*, 170 F. Supp. 2d at 662–63. There is no evidence suggesting that Cortez inquired about the case's removability after receiving service of the Complaint. *See Gascho*, 863 F. Supp. 2d at 687–88. The motion for summary judgment filed in state court does not provide any information that is not included in the Complaint or that could not be inferred from the Complaint. (*See* ECF No. 1-3.) Much of it is simply a recitation of the Trust provisions and other facts alleged in the Complaint. To satisfy the time requirements for proper removal, Cortez should have removed the case to this Court within thirty days from November 20, 2015. He did not remove the case until almost a year later on October 21, 2016. (ECF No. 1.) Thus, he did not comply with the thirty-day requirement in 28 U.S.C. § 1446(b), and the Court will remand the case to the Circuit Court of Wirt County, West Virginia, for further proceedings.

The movants also assert that they are entitled to attorneys' fees and costs because Cortez "lacked an objectively reasonable basis for seeking removal." (*See* ECF No. 8 at 10–12 (quoting *Deluca Ocwen Loan Servicing, LLC*, No. 5:10-CV-00421, 2011 WL 805862, at *3 (S.D. W.Va. Mar. 2, 2011)); ECF No. 13 at 2.) Barry and Murray further argue that the case's removal is nothing more than a strategic delay of a hearing on Murray's motion for summary judgment in the Circuit Court of Wirt County, which was scheduled to take place the week after Cortez filed his notice of removal. (*See* ECF No. 8 at 11; ECF No. 27 at 5–7.) Cortez responds that he had an

objectively reasonable basis for removing this case and that "it would have been presumptuous for [him] to assume that, just because [Murray] advocated for all of the Shorts' Siblings to be declared the beneficiaries of the Trust and to receive the final distribution of all Trust assets[,] . . . all of the Shorts' Siblings were aligned in interest with [Murray]." (ECF No. 18 at 10; *see also* ECF No. 23 at 14–15.)

Pursuant to 28 U.S.C. § 1447(c), the Court may upon remand order the party removing the case to pay the other party's costs and expenses, including attorneys' fees, incurred as a result of the removal. Consistent with the statute's wording, "such an award is within the discretion of the court." *Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 600 (D. Md. 2008) (citation omitted). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter . . . ." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). When an objectively reasonable basis exists for seeking removal, "fees should be denied." *Id.* at 141 (citations omitted); *see also Aegis Defense Servs., LLC v. Chenega-Patriot Grp., LLC*, 141 F. Supp. 3d 479, 489–90 (E.D. Va. 2015) ("Although the presence of an objectively reasonable basis for removal is a very close question in this case, defendant's citation to decisions that *arguably might* lend *some* support to defendant's argument for removal is sufficient to avoid the fee-shifting penalty under § 1447(c)." (emphasis in original)).

While the Court understands that litigating this case in federal court is both time-consuming and costly for the parties, in large part due to the filing of at least seven motions following removal, the Court does not find that removal was so unreasonable as to warrant an assessment of attorneys'

fees and costs. The movants' primary argument focused on the timing of the removal. The original Complaint pitted one plaintiff against twenty named defendants and other unknown defendants, and diversity jurisdiction could not be realized until the interests of the various parties were deduced. Assuming Cortez did not recognize the availability of removal until Murray filed her motion for summary judgment in state court, he provides relevant legal authority in his notice of removal that could lend support to his argument. (*See* ECF No. 1 at 5–8 (citations omitted).) Thus, the Court does not find that removal was objectively unreasonable, and the motions to remand are denied as they relate to an award for attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** the motions to remand, (ECF Nos. 7, 13), insofar as they seek to remand the case back to state court, and **DENIES IN PART** the motions to remand, (ECF No. 7, 13), insofar as they seek an award for attorneys' fees and costs. As the Court is without jurisdiction to consider the merits of the remaining motions, it hereby **DENIES AS MOOT** Cortez's Motion to Realign the Parties, (ECF No. 3), Cortez's Motion to Dismiss, (ECF No. 21), and Barry's Motions for Leave to File Surreply to Give Notice of Developments Relating to the Texas Litigation, (ECF Nos. 32, 34). This action is hereby **REMANDED** to the Circuit Court of Wirt County, West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 10, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE